**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **JULIAN VILLEGAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:21-00003** |
| | ) | |
| **LIEUTENANT C. CONNELLY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 13, 2021, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs. (Document No. 4.) On January 25, 2021, Plaintiff filed his Amended Complaint in this matter claiming entitlement to relief pursuant to constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 5.) In his Amended Complaint, Plaintiff names the following as Defendants: (1) C. Connelly, Lieutenant at FCI McDowell; (2) C. Looney, Lieutenant at FCI McDowell; (3) W. Kendricks, Correctional Officer at FCI McDowell; (4) C. Akers, Correctional Officer at FCI McDowell; and (5) G. Woods, Correctional Officer at FCI McDowell. (Id., pp. 2 – 3.) First, Plaintiff alleges that he was subjected to unnecessary and excessive force in violation of his Eighth Amendment rights. (Id., pp. 8 – 9.) Plaintiff alleges that on December 16, 2020, at approximately 9:00 or 10:00 a.m., Correctional Officers Ackers and Woods informed him to "start packing [his] stuff because [he] was being moved to a different cell by orders of Lt. C.

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Connelly and Officer SHU Number One, W. Kendricks." (Id., p. 8.) Plaintiff states that he complied with Officers Ackers and Woods' instructions and Plaintiff was taken to the first floor, A-Range. (Id.) Plaintiff, however, complains that he was taken to "A-Range to hard cell # 102 with no reason for it or explanation." (Id.) Plaintiff alleges that when Officer Akers began removing Plaintiff's cuffs, "Officer C. Akers pulled [Plaintiff] hard through the food slot, so [Plaintiff] pulled [his] hands back because he hurt [Plaintiff's] hands." (Id.) Plaintiff states that "all officers" came together outside [his] door and Plaintiff let the officers check his hands. (Id.) Plaintiff explains that the officers then directed Plaintiff to "sit on the cement bed or stay up facing to the wall." (Id.) Plaintiff states that he was "facing to the wall, up, and [he] obeyed." (Id.) Plaintiff alleges that the officers then entered his cell "and pulled and pushed [Plaintiff] back to slam [him] on the cement and began assaulting [Plaintiff by] hitting [him] in the ribs, back, and putting their legs and knee on [his] throat so [he] couldn't breathe." (Id.) Plaintiff states that Lt. C. Connelly and Lt. C. Looney were the officers on top of him "choking" and "suffocating" him. (Id.) Plaintiff alleges that he was still in cuffs at the time of the physical assault. (Id.) Plaintiff states that the attack continued until another officer "came and told them to clam down." (Id., p. 9.) Plaintiff asserts that Officer Akers then inquired of Plaintiff as to "where is the handcuff key" because the key broke. (Id.) Plaintiff states that he did not know what Officer Akers was "taking about because I was cuffed." (Id.) Plaintiff states that Lt. Looney proceeded to bend Plaintiff's fingers backwards. (Id.) Plaintiff further complains that the above officers denied him treatment for the injuries he suffered as a result of the above assault. (Id.)

Second, Plaintiff complains that he was subjected to "inhumane" conditions of confinement. (Id.) Plaintiff states that his cell had a "concrete slab to sleep on, and all you get is one sheet and one blanket in this cold weather." (Id.) Plaintiff further states that for seven (7) days

he was denied a change of boxer shorts, pants, and t-shirt; a shower; and a toothbrush, toothpaste, shampoo, and deodorant. (Id.)

Finally, Plaintiff alleges that Defendants acted with deliberate indifference to his medical needs. (Id.) Specifically, Plaintiff complains that Defendants denied him his required medication for blood pressure, depression, pain, and a tooth infection. (Id.)

**THE STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**DISCUSSION**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971);

See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer

v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or

significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

**(i)** ***Conditions of Confinement:***

Plaintiff contends that he was subjected to "inhumane" conditions of confinement during his placement in a "hard" cell. (Document No. 5, p. 7.) Plaintiff first complains that his cell had a "concrete slab to sleep on, and all you get is one sheet and one blanket in this cold weather." (Id.) Plaintiff further states that for a seven-day period, he was denied a change of boxer shorts, pants, and t-shirt; a shower; and a toothbrush, toothpaste, shampoo, and deodorant. (Id.) As stated above, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish, 573 F.2d at 125. In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2327, 115

L.Ed.2d 271 (1991), the Supreme Court held that "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." First, Plaintiff's complaint of being confined in a "hard" cell is insufficient to state a constitutional violation. See also Hadley v. Peters, 70 F.3d 117 (7th Cir. 1995), cert. denied, 517 U.S. 1111, 116 S.Ct. 1333, 134 L.Ed.2d 484 (1996)("Prisons are not required to provide, and prisoner cannot expect, the services of a good hotel."). To the extent Plaintiff complains of being placed in a cold cell, his allegations are insufficient to establish a constitutional violation. Although Plaintiff alleges that his cell was "cold," Plaintiff acknowledges that he was provided with clothing, a sheet, and a blanket. The undersigned, therefore, finds that Plaintiff's above allegations do not constitute unconstitutional conditions of confinement. See Strickler, 989 F.2d at 1382(finding inmate failed to state a constitutional claim where "inmates received blankets when the jail became uncomfortably cold, and the jail was equipped with fans when the temperatures were hot"); McCray v. Burrell, 516 F.2d 347, 367-69 (4th Cir. 1975)(finding an Eighth Amendment violation where an inmate was solitarily confined for 46 hours in a cold cell with no clothing or blankets, no running water or personal hygiene items, and a toilet which consisted of a hole in the floor); Williams v. Ozmint, 2010 WL 3814287, * 6 – 7 (D.S.C. Sept. 23, 2010)(inmate's allegations that he was placed in a cell with only boxer shorts, sheets, and blankets as protection from the cold failed to establish an Eighth Amendment violation). Second, Plaintiff complains that he was denied a shower, clean clothing, and hygiene supplies for a seven-day period. It is well recognized that the short-term denial of clean clothing and hygiene supplies does not rise to the level of an Eighth Amendment violation. See Beverati, 120 F.3d at 504-05, n.

5(finding a six-month deprivation of clean clothing, linen, or bedding did not violate the Eighth Amendment); Johnson v. Fields, 2017 WL 5505991, * 10 (W.D.N.C. Nov. 16, 2017)("Plaintiff's claim that he was denied a shower and clean clothes for twelve days is insufficient as a matter of law to maintain an Eighth Amendment claim."); DeLoach v. South Carolina Dept. of Corr., 2009 WL 1651452, * 3 – 4 (D.S.C. June 11, 2009), aff'd., 355 Fed.Appx. 681 (4th Cir. 2009)(denial of a clean jumpsuit and hygiene packet for a thirty day period did not constitute a denial of a 'basic need'); Walker v. Dart, 2010 WL 669448, * 4 (N.D.Ill. Feb. 19, 2010)("Being denied clean clothes for two weeks, though unpleasant, is not a deprivation serious enough to support an Eighth Amendment claim)(collecting cases); Williams v. Anderson, 2006 WL 709209, * 13 (S.D.W.Va. March 16, 2006)(finding segregated inmate's inability to "exercise, keep personal hygiene items, change clothes or shower, take part in academic and religious programs or telephone family members" did not violate the Eighth Amendment).

Finally, the combined conditions of confinement complained of by Plaintiff amounts to nothing more than a "routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society." Strickler, 989 F.2d at 1380. The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent . . . conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. 2392; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990); also see Alberti v. Klevenhagen, 790 F.2d 1220, 1228 (5th Cir. 1986)(the Eighth Amendment does not require "the provision of every amenity needed to avoid mental, physical, and emotional deterioration") Based on the foregoing, the undersigned finds that Plaintiff has failed to state a claim under the Eighth

Amendment for which relief can be granted.

**(ii)** ***Deliberate Indifference Regarding Medical Care:***

In his Amended Complaint, Plaintiff complains that Defendants knowingly denied Plaintiff prescribed medication that was necessary for treatment of his medical conditions. (Document No. 5, p. 9.) Plaintiff further alleges that Defendants acted with deliberate indifference to Plaintiff's safety and need for medical care following Defendants' physical assault on Plaintiff. (Id., pp. 8 – 9.) Liberally construing Plaintiff's claims, the undersigned finds that Plaintiff has adequately alleged a claim of deliberate indifference to his above medical needs. By separate Order entered this day, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs concerning the foregoing claim.

***(iii)*** ***Excessive Force:***

In his Amended Complaint, Plaintiff contends that Defendants physically assaulted Plaintiff while he was handcuffed, non-resistant, and complying with Defendants' directions. (Document No. 5, pp. 8 – 5.) Liberally construing Plaintiff's claims, the undersigned finds that Plaintiff has adequately alleged a of claim unnecessary and excessive force in violation of his Eighth Amendment rights. By separate Order entered this day, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs concerning the foregoing claim.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint as to his claim of being subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment; and **REFER** this matter back to the

undersigned for further proceedings on Plaintiff's claim of being subjected to excessive force and deliberate indifference in violation of the Eighth Amendment.[2]

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: April 14, 2021.

Omar J. Aboulhosn
United States Magistrate Judge

[2] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Proceed Without Prepayment of Fees as to Plaintiff's deliberate indifference and excessive force claims.