IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| JULIAN VILLEGAS, ) | |
|       Plaintiff, ) | |
| v. ) | Civil Action No. 1:21-00003 |
| ) | |
| LIEUTENANT C. CONNELLY, *et al.*, ) | |
|       Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Response/Notice that he does not wish to pay the filing fee in the above action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On January 4, 2021, Plaintiff, acting *pro se*, filed what this Court construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) On January 13, 2021, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs. (Document No. 4.) On January 25, 2021, Plaintiff filed his Amended Complaint. (Document No. 5.) By Proposed Findings and Recommendation entered on April 14, 2021, the undersigned recommended that Plaintiff's Amended Complaint be dismissed as to his claim of being subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment and referred back to the undersigned for further proceedings on Plaintiff's claim of being subjected to excessive force and deliberate indifference in violation of the Eighth

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Amendment. (Document No. 6.) By Order also entered on April 14, 2021, the undersigned granted Plaintiff's Motion to Proceed Without Prepayments of Fees and Costs concerning his claim that Defendants violated his Eighth Amendment rights by subjecting him to excessive force and acting with deliberate indifference to his medical needs. (Document No. 7.) The Order granting Plaintiff's Application to Proceed Without Prepayment of Fees advised Plaintiff as follows:

> **NOTICE TO PLAINTIFF: IF YOU DO NOT WISH TO PAY THE FILING FEE AS SET FORTH IN THIS ORDER, YOU MUST NOTIFY THE COURT BY WRITING A LETTER TO THE CLERK AND BY STATING THAT YOU DO NOT WISH TO PROSECUTE THIS CIVIL ACTION. IF YOU WRITE SUCH A LETTER, THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE. YOU MUST SEND THE LETTER WITHIN THIRTY (30) DAYS OF THE DATE OF ENTRY OF THIS ORDER.**

(Id., p. 5.) On May 3, 2021, Plaintiff filed a Response/Notice to the Court's Order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (Document No. 15.) Specifically, Plaintiff stated that "I do not wish to pay the filing fee as set forth in this Order." (Id.) By Order entered on May 4, 2021, the undersigned notified Plaintiff as follows:

> Plaintiff is **NOTIFIED** that the Court is construing his above Response (Document No. 15) as a notice that Plaintiff does not wish to pay the filing fee in the above action, the above case will be dismissed without prejudice, and any filing fee made by Plaintiff will be returned. If this is not Plaintiff's intention, Plaintiff shall notify the Court on or before **May 25, 2021**. Failure of Plaintiff provide such notice to the Court on or before **May 25, 2021**, will result in the dismissal of the above action without prejudice.

(Document No. 16.) Plaintiff has not filed a response or objections to the undersigned's Order entered on May 4, 2021.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing

2

party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Amended Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Response/Notice be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 5) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 21, 2021.



Omar J. Aboulhosn
United States Magistrate Judge