IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JULIAN VILLEGAS,

    Plaintiff,

v.                                               Civil Action No. 1:21-00003

LIEUTENANT C. CONNELLY,
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Aboulhosn submitted to the court his first Proposed Findings and Recommendation ("PF&R") on April 14, 2021, in which he recommended that the court dismiss plaintiff's amended complaint (ECF No. 5) as to plaintiff's claim of being subjected to unconstitutional conditions of confinement in violation of the Eighth Amendment; and refer this matter back to him for further proceedings on plaintiff's claim of being subjected to excessive force and deliberate indifference in violation of the Eighth Amendment. (ECF No. 6.)

The same day, Magistrate Judge Aboulhosn entered an order granting plaintiff's application to proceed without prepayment

of fees.  (ECF No. 7.)  That order included the following notice:

> **NOTICE TO PLAINTIFF:  IF YOU DO NOT WISH TO PAY THE FILING FEE AS SET FORTH IN THIS ORDER, YOU MUST NOTIFY THE COURT BY WRITING A LETTER TO THE CLERK AND BY STATING THAT YOU DO NOT WISH TO PROSECUTE THIS CIVIL ACTION.  IF YOU WRITE SUCH A LETTER, THIS CASE WILL BE DISMISSED WITHOUT PREJUDICE. YOU MUST SEND THE LETTER WITHIN THIRTY (30) DAYS OF THE DATE OF ENTRY OF THIS ORDER.**

(Id. at 2.)

Within the 30-day window, plaintiff sent a letter to the Clerk stating that he did not wish to pay the filing fee. Plaintiff did not expressly state, however, that he had decided not to prosecute the case.  In fact, in confusing language, he seemed to suggest that the Mexican Embassy may represent him and emphasized his need for safety.  (See ECF No. 15.)  Given the ambiguity, Magistrate Judge Aboulhosn provided plaintiff with notice that the court would construe his letter as expressing an intent not to prosecute the case and that the case would be dismissed unless plaintiff stated otherwise within two weeks:

> Plaintiff is **NOTIFIED** that the Court is construing his above Response (Document No. 15) as a notice that Plaintiff does not wish to pay the filing fee in the above action, the above case will be dismissed without prejudice, and any filing fee made by Plaintiff will be returned.  If this is not Plaintiff's intention, Plaintiff shall notify the Court on or before **May 25, 2021**.  Failure of Plaintiff provide such notice to the Court on or before **May 25, 2021**, will result in the dismissal of the above action without prejudice.

(ECF No. 16, at 1-2.)

Several months passed with no response from plaintiff. Magistrate Judge Aboulhosn then filed another PF&R recommending that the court dismiss the amended complaint without prejudice. (ECF No. 19.)

With each PF&R, in accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days in which to file objections to the PF&R.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985); Snyder v. Ridenour, 889 F.2d 1363, 1365-66 (4th Cir. 1989); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (emphasis added)).

Neither party filed objections to either PF&R within the required time period.  The court finds that the second PF&R renders the first PF&R (ECF No. 6) moot and adopts the second PF&R (ECF No. 19) as follows:  Plaintiff's amended complaint (ECF No. 5) is **DISMISSED** without prejudice, and this case is removed from the court's docket.

Furthermore, because the court construed plaintiff's letter as timely notice that he did not wish to prosecute his case, the

3

court **ORDERS** that the Clerk refund any portion of the filing fee that the court has received.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 6th day of May, 2022.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge